# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**David Pitchford, Jr.**                                              **Plaintiff**

**v.**                        **CASE NO. 3:14CV00168 JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                   **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

David Pitchford, Jr. seeks judicial review of the denial of his application for disability insurance benefits (DIB) and supplemental security income (SSI). Pitchford applied for DIB and SSI on July 1, 2010, with an alleged onset date of May 28, 2010.[1] SSI benefits, however, cannot be received prior to the application date.[2] Therefore, the alleged onset date for purposes of SSI is July 1, 2010. Pitchford's date last insured (DLI) is March 31, 2011.[3] He is currently employed as a truck driver.[4] Pitchford bases disability on dyslexia, short term memory loss, high blood pressure, obesity, diabetes, depression, hearing voices, violent behavior and pain in legs.[5]

---

[1] SSA record at pp. 123 & 130.

[2] *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989); 20 C.F.R. § 416.335.

[3] SSA record at p. 166.

[4] *Id.* at pp. 30-32.

[5] *Id.* at p. 189.

**The Commissioner's decision.** The Commissioner's ALJ determined that Pitchford has not engaged in substantial gainful activity since May 28, 2010.[6] Pitchford has severe impairments - obesity, mild sleep apnea, diabetes and hypertension.[7] None of Pitchford's severe impairments meet the Listings, and Pitchford can perform the full range of light work.[8] The ALJ held that Pitchford cannot perform past relevant work, and pursuant to the Medical-Vocational Guidelines, he is not disabled.[9] Pitchford's application was denied.[10]

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[11] Pitchford filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

---

[6]*Id.* at p. 15.

[7]*Id.*

[8]*Id.* at p. 17.

[9]*Id.* at p. 20.

[10]*Id.* at p. 21.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the

**Pitchford's allegations.** Pitchford maintains that (1) the RFC is not supported by substantial evidence; and (2) the ALJ erred in using the Medical-Vocational Guidelines to determine Pitchford's disability status. These arguments are not persuasive. No error occurred, and the disability determination is supported by substantial evidence.

Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion."[13] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to support the ALJ's denial of benefits.[14]

**RFC.** Pitchford asserts that the RFC determination is not supported by substantial evidence. Specifically, Pitchford cites the opinion testimony of a consulting physician and the fact that Pitchford is obese, as establishing that he is not capable of the full range of light work. Pitchford's argument is not persuasive.

---

Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13] *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (internal quotations and citations omitted).

[14] *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

In November 2010, a consulting physician conducted a physical examination of Pitchford.[15, 16] The consulting physician noted that Pitchford has intermittent claudication, and can walk forty-five feet before symptoms begin.[17] The pain is located in Pitchford's calf and left thigh and lasts for approximately two to three hours.[18] The physician also indicated that Pitchford experiences shortness of breath upon activity and dyspnea after nine or ten steps.[19] Pitchford was assessed a mild to moderate limitation in walking and standing.[20] The records also establish that Pitchford is morbidly obese. Pitchford is approximately 6'0" and weighs approximately 305 pounds.[21]

Even though the consulting physician found some limitations and Pitchford is morbidly obese, the RFC of full light work is supported by substantial evidence. Importantly, the consulting physician also found that Pitchford has a normal range of

---

[15] SSA record at p. 277.

[16] Although Pitchford maintains that the ALJ did not fully evaluate the opinion evidence from the consulting physician, this is not the case. The ALJ thoroughly discussed the physical examination.

[17] SSA record at p. 278.

[18] *Id.*

[19] *Id.* at pp. 277-278.

[20] *Id.* at p. 281.

[21] *Id.* at p. 338.

motion in his extremities, no muscle spasms, no edema, is able to stand/walk without an assistive device and can walk on heels and toes.[22] Also, although multiple physicians have identified Pitchford as morbidly obese, they have never limited his activities. Indeed, although outside the relevant time period, in 2009 Pitchford was cleared for work for two years following a Department of Transportation physical.[23] At that time Pitchford's weight was greater than his current weight, and his treating physician stated that his physical examination was within normal limits.[24]

During the relevant time period, Pitchford never sought treatment for pain in his legs. He also never stated that he was having problems walking or standing. On the contrary, multiple treatment notes indicate that Pitchford ambulates without difficulty and has a normal gait.[25] In September 2011, a medical professional indicated that Pitchford had no known physical impairments and moved all extremities with

---

[22]*Id.* at pp. 279-281.

[23]*Id.* at p. 246.

[24]*Id.* at pp. 246-247.

[25]*Id.* at pp. 326 & 344.

equal strength.[26] The most recent treatment record available - a mental health treatment note - indicates that "patient is back to work and reports doing well."[27]

Pitchford does not consistently seek medical care, and he has a history of noncompliance. Pitchford will go for many months at a time without seeking any medical care. His physician has made notes about noncompliance with prescription medications on multiple occasions.[28] Such episodic treatment and noncompliance weigh against Pitchford's allegations and therefore support the RFC.[29]

Assessments conducted by state physicians provide further support for the RFC. In November 2010, a state physician completed a Physical Residual Functional Capacity Assessment.[30] Reviewing the medical records, the physician determined that

---

[26]*Id.* at pp. 326-327.

[27]*Id.* at p. 342.

[28]*Id.* at pp. 307, 309 & 313.

[29]*See Edwards v. Barnhart*, 314 F.3d 964, 968 (8th Cir. 2003) (An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment."); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms).

[30]SSA record at p. 286.

Pitchford is capable of performing light work.[31] A second state physician affirmed that opinion a month later.[32] In a 2013 Mental Diagnostic Evaluation, a psychologist stated that Pitchford appeared to be physically healthy, and is "mentally, emotionally, and physically capable to continue working."[33] The psychologist further indicated that Pitchford "doesn't describe a disability that would prevent him from working."[34]

Pitchford's activities of daily living also support the RFC. In the Function Report, Pitchford stated that he tends to personal care without assistance, prepares his own meals, drives a car and can go out alone.[35] There is also the important fact that Pitchford continues to work. Although not at a substantially gainful level, Pitchford is employed as a truck driver.[36] This supports the ALJ's RFC determination.

A reasonable mind would accept the evidence as adequate to support the ALJ's RFC. The RFC is supported by substantial evidence.

---

[31]*Id.*

[32]*Id.* at p. 299.

[33]*Id.* at pp. 347 & 349.

[34]*Id.* at p. 346.

[35]*Id.* at pp. 173-175.

[36]*Id.* at pp. 31-32.

**Medical-Vocational Guidelines.** Pitchford maintains that the ALJ erred in relying on the Medical-Vocational Guidelines to determine his disability status. Pitchford asserts that the ALJ was required to obtain vocational expert testimony because he is obese, and obesity is a nonexertional impairment.

Pitchford is correct that obesity is a nonexertional impairment. "Obesity is also a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work."[37] The inquiry, however, does not end there. "However, if the ALJ finds that the claimant's nonexertional impairment does not diminish or significantly limit the claimant's residual function capacity to perform the full range of Guideline-listed activities, the ALJ may apply the Guidelines in spite of a nonexertional impairment."[38] By applying the Medical-Vocational Guidelines, the ALJ implicitly rejected the existence of a nonexertional limitation stemming from Pitchford's obesity. Therefore, the dispositive question is whether a reasonable mind will accept the evidence as adequate to show obesity poses no exertional limitation.

As discussed above, no limitations were ever placed on Pitchford due to his obesity. While obese, he had a normal physical examination. Further, in treatment notes, Pitchford never complained of problems walking, sitting, or completing tasks

---

[37]*Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).

[38]*Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

due to his obesity. Pitchford also continues to work despite his obesity. A reasonable mind would accept all of this evidence as adequate to show that obesity posed no exertional limitation. The ALJ did not err in relying on the Medical-Vocational Guidelines.

**Conclusion.** Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the court DENIES Pitchford's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 21st day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE